IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al.;<br><br>　　　　　　　Defendants. | 8:21CV251<br><br>**MEMORANDUM AND ORDER** |

Plaintiff is self-represented. His complaint names the Nebraska Department of Correctional Services, Tecumseh State Correctional Institution, the Nebraska State Penitentiary, and the Omaha Correctional Center as defendants.[1] The case was filed over four months ago. Plaintiff has not previously requested summons for service on the named entity defendants, and no defendant has entered an appearance. The court entered a show cause order requiring Plaintiff to explain why this case should not be dismissed for failure to timely serve the defendants. (Filing No. 14). Plaintiff timely responded. (Filing No. 15).

Liberally construed, Plaintiff's response to the show cause order requests summons and then service of his complaint by the Marshal. He may be asking for Marshal service at no cost.

Plaintiff's request to proceed in forma pauperis was denied. (Filing No. 7).[2] So, the court may but is not required to order service by the Marshal. Fed. R. Civ. P. 4 (c)(3). And if Marshal service is granted, Plaintiff must pay the Marshal's service fees as set by regulation. See 28 C.F.R. § 0.114.

---

[1] Plaintiff has also described, but not named, employees of each of these entities as additional defendants.

[2] Plaintiff is civilly committed, not incarcerated. So, 28 U.S.C. § 1915A does not authorize dismissal of the complaint upon screening and prior to service. Initial review prior to service is also not authorized under 28 U.S.C. § 1915 because Plaintiff's request to proceed in forma pauperis was denied. (Filing No. 7).

Plaintiff has not provided any reason for the Court to exercise its discretion and excuse Plaintiff from his responsibility to serve the entities he wishes to sue. As to his request for service by the Marshal, the United States Marshals Service has limited resources that must first go towards courthouse security, law enforcement, housing and transport of criminal defendants, and other urgent matters. Moreover, Plaintiff offers no evidence to explain why he must have Marshal service; that he has tried but cannot effectuate service on the named defendants, or that his efforts to serve the defendants would be futile. Plaintiff's motion for Marshal service will be denied.[3] See Bryant v. Publix Super Markets, Inc., No. 1:20-CV-3916-JPB-CCB, 2020 WL 10066391, at *1 (N.D. Ga. Nov. 23, 2020); Thresher v. Northam, No. 3:20CV307 (DJN), 2020 WL 6323759, at *1 (E.D. Va. May 8, 2020); Henry v. Wisconsin, No. 08-696-DRH, 2008 WL 4975930 (S.D. Ill. Nov. 19, 2008).

Accordingly,

IT IS ORDERED that Plaintiff's response to the show cause order, construed as a motion for issuance of summons and for Marshal service of summons, (Filing No. 15), is granted in part and denied in part as follows:

1. The Clerk of Court shall send a copy of this Memorandum and Order together with four summons form(s) for service of process on Defendant(s).

2. Plaintiff's motion for service by the Marshal is denied.

November 15, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[3] The court notes that Plaintiff's submissions indicate he understands and is able to follow the relevant law, (see, e.g., Filing No. 15), and having filed 14 other federal cases in this forum, Plaintiff is aware of how federal proceedings are served and litigated