IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>  vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director I of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director II of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Associate Director of Nebraska Department of Correctional Services; TECUMSEH STATE CORRECTIONAL INSTITUTION, UNKNOWN-UNNAME, Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Deputy Warden of Tecumseh State Correctional Institution; UNKNOWN-UNNAME, Associate Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Librarian of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Warden of Nebraska State Penitentiary; NEBRASKA STATE PENITENTIARY, UKNOWN-UNNAME, Associate Warden of Nebraska State Penitentiary; UKNOWN-UNNAME, Deputy Warden of Nebraska State Penitentiary; LIBRARIAN OF NEBRASKA STATE PENITENTIARY, OMAHA CORRECTIONAL CENTER, UKNOWN-UNNAME, Warden of Omaha Correctional Center; UKNOWN-UNNAME, Associate Warden of Omaha Correctional Center; UKNOWN-UNNAME, Deputy Warden of Omaha Correctional Center; and | **8:21CV251**<br><br>**MEMORANDUM & ORDER** |

| |
|---|
| UKNOWN-UNNAME, Librarian of Omaha Correctional Center;<br><br>                 Defendants. |

This matter is before the Court on Plaintiff's objection to Magistrate Judge Zwart's Order denying use of Marshal service to serve defendants. Filing No. 16.

## BACKGROUND

Plaintiff, Marvel Jones, pro se, filed a complaint against the Nebraska Department of Correctional Services, and 19 other individuals associated with the Nebraska Correctional Services. Filing No. 1. In 1997, Mr. Jones was convicted of first-degree sexual assault on a child and given a 50-year prison sentence. *Id.* at 4. He is now civilly confined to Norfolk Regional Center, a psychiatric hospital. Filing No. 17

Plaintiff's complaint alleges numerous violations of his constitutional rights, particularly that the various prisons in which he was held violated his 6th Amendment right to counsel when the prison libraries posted notice that inmates could not assist other inmates with legal filings. Filing No. 1.

Mr. Jones filed a motion for leave to proceed in forma pauperis, which was denied. Filing No. 6 and Filing No. 7. He then paid the required filing fee on August 9, 2021, to avoid dismissal. By October 15, 2021, Mr. Jones had yet to serve any of the defendants listed in the complaint and was ordered to show cause why the case should not be dismissed for failure to timely serve the defendants. Filing No. 14. He timely responded to the order to show cause. Filing No. 15. Mr. Jones argued that he is an incarcerated individual in a mental institution and is unable to leave. *Id.* at 1. He goes on to request that the Court to serve the defendants by Marshal service at no cost. *Id.*

The Magistrate Judge found that while the Court is allowed to order service by Marshal, Mr. Jones has provided no reason for the Court to exercise its discretion. Filing No. 16 at 1–2. Furthermore, the Marshal service has limited resources that must be allocated to other matters, such as courthouse security, law enforcement, housing and transporting criminal defendants, and other urgent matters. Id. at 2. Additionally, even if the Court were to exercise and allow the plaintiff to use the Marshal service, the plaintiff would still be responsible for any fees associated with the service. Id. at 1. The Plaintiff's motion for service by Marshal service was denied. Id. at 2.

Plaintiff filed an Objection to the Magistrate Judge's Order regarding the denial of Marshal service on December 1, 2021. Filing No. 17. He again argues that he is a civilly committed, incarcerated, mental patient who is unable to leave and carry out a pretrial investigation. Id. at 1. Mr. Jones reiterates that the Court may order Marshal service, or a person specially appointed by the Court, pursuant to Fed. R. Civ. P. 4, even if the plaintiff is not in forma pauperis. Id. at 2.

## STANDARD OF REVIEW

With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1). Pursuant to NECivR 72.3 and 28 U.S.C. § 636(b)(1)(C), the Court may conduct a de novo review of the record and adopt or reject the F&R in its entirety. The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by 28 U.S.C. § 636(b)(1)(A) and

dispositive' matters are covered by 28 U.S.C. § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); see also Fed. R. Civ. P. 72(a).

## DISCUSSION

This Court has reviewed the Magistrate Judge's findings and finds that it is correct as a matter of fact and law. The Court may, but is not required to, order service by Marshal pursuant to Fed. R. Civ. P. 4. Further, the Court agrees with the Magistrate Judge in finding that the Plaintiff has provided no reason for the Court to exercise its discretion and grant him the use of Marshal services. Filing No. 16 at 2.

Additionally, on February 7, 2022, several summonses were issued to Mr. Jones to serve on named defendants. Filing No. 18. As of this date, the summonses have not been returned.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Order Denying Marshal Service by Magistrate Judge Zwart, Filing No. 16, is adopted in its entirety.
2. The Plaintiff's Objection to Magistrate Judge Zwart's Order, Filing No. 17, is overruled.

Dated this 2nd day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge