IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES, <br><br>    Plaintiff, <br><br>  vs. <br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director I of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director II of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Associate Director of Nebraska Department of Correctional Services; TECUMSEH STATE CORRECTIONAL INSTITUTION, UNKNOWN-UNNAME, Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Deputy Warden of Tecumseh State Correctional Institution; UNKNOWN-UNNAME, Associate Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Librarian of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Warden of Nebraska State Penitentiary; NEBRASKA STATE PENITENTIARY, UKNOWN-UNNAME, Associate Warden of Nebraska State Penitentiary; UKNOWN-UNNAME, Deputy Warden of Nebraska State Penitentiary; LIBRARIAN OF NEBRASKA STATE PENITENTIARY, OMAHA CORRECTIONAL CENTER, UKNOWN-UNNAME, Warden of Omaha Correctional Center; UKNOWN-UNNAME, Associate Warden of Omaha Correctional Center; UKNOWN-UNNAME, Deputy Warden of Omaha Correctional Center; and UKNOWN-UNNAME, Librarian of Omaha Correctional Center; <br><br>    Defendants. | 8:21CV251 <br><br>**MEMORANDUM AND ORDER** |

1

This matter comes before the Court on the named defendants' motion to dismiss. Filing No. 19. Defendants argue the Court lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff's claims against them are barred by sovereign immunity. Filing No. 20 at 5–10. Defendants also argue the statute of limitations bars Plaintiff's claims. Id. at 10–16. For the reasons stated herein, the Court grants the named defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff, Marvel Jones, is civilly committed at Norfolk Regional Center. *See generally* Filing No. 1. However, the allegations in his complaint concern events that occurred when he was incarcerated at various Nebraska state correctional institutions following a conviction for fist-degree sexual assault of a child in 1997. *Id.* at 4. Jones claims he was incarcerated at the Nebraska State Penitentiary starting on May 3, 1997; at Tecumseh State Correctional Institutional starting on February 2, 2002; and at the Omaha Correctional Center starting on July 24, 2014. *Id.* at 4–5.

Jones's complaint centers around a Nebraska Department of Correctional Services (NDCS) policy pertaining to law libraries in its prisons. *Id.* at 3–6. The policy in question prohibited prison librarians and legal aides from conducting legal research, advising inmates on the law, telling inmates what pleadings to file, possessing legal papers of an inmate, or preparing written documents for inmates. *See, e.g.*, Filing No. 1-1 at 2. Jones claims this policy "unjustifiably obstruct[ed] the right to legal assistance" and his ability to access the courts. Filing No. 1 at 3.

Jones sued NDCS over this policy. *Id.* He also sued the Nebraska State Penitentiary, Tecumseh State Correctional Institution, the Omaha Correctional Center, and various unnamed officials in their individual and official capacities at each of these institutions, such as the wardens, deputy wardens, associate wardens, and facility

librarians. *Id.* at 3–4. He argues these state correctional facilities and employees "acquiesc[ed] in upholding [NDCS's] policy" regarding law libraries. *Id.* at 3. Jones brings claims against the defendants under:

> 42 U.S.C. §[§] 1981, 1983, 1985, 1986, 1987, 1988 alleging violation of access to the courts and meaningful access to the court, negligence, gross negligence, civil conspiracy, conspiracy . . . in violation of the 1st, 5th, 6th, [and] 8th amendment[s] to the United States [Constitution] and in violation of due process, equal protection, and substantial rights of law as provided for by Article 1, sections 3, 6, 8, 11, and 19 of the Constitution of the State of Nebraska [and] the due process clause of the 14th Amendment to the Constitution.

*Id.* at 2–3. Jones goes on to list numerous alleged problems with his conviction and sentence which he states were "raised in a prior state postconviction motion and a federal habeas corpus petition." *Id.* at 6. Jones's argument thus seems to be that the law-library policy in question prevented him from successfully arguing these issues in the prior proceedings he notes.

On March 8, 2021, Jones wrote a letter to the NDCS human resources department requesting the names and current addresses of the wardens, assistant wardens, deputy wardens, and librarians listed as unnamed defendants in his complaint. Filing No. 1-1 at 103. It does not appear he has received a response to his inquiry. Filing No. 22 at 19. On October 15, 2021, the Court ordered Jones to show cause why his complaint should not be dismissed under Fed. R. Civ. P. 4(m) for want of prosecution. Filing No. 14. Jones responded, requesting that the U.S. Marshal's Service be ordered to serve process on the defendants, both named and unnamed. Filing No. 15. He noted that as an incarcerated individual, he did not have access to the identity or current address of the unnamed officials. Filing No. 15 at 4. The Court denied Jones's request that the U.S. Marshals' Service serve process and instead issued him summonses to serve on the named defendants. Filing No. 16; Filing No. 21. No return of summons has been filed,

3

but the named defendants (NDCS, Tecumseh State Correctional Institution, Nebraska State Penitentiary, and Omaha Correctional Center) nevertheless appeared by counsel and filed a motion to dismiss. Filing No. 19. They seek dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because they argue Jones's claims against them are barred by sovereign immunity and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because they argue Jones's claims are otherwise barred by the applicable statutes of limitations. Filing No. 20 at 5–17. The unnamed defendants have not been served and have not otherwise appeared.

## II. STANDARDS OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

"[S]overeign immunity is a jurisdictional question." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (quoting *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995)). Subject-matter jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). Federal Rule of Civil Procedure 12(b)(1) provides that dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Defendants raise a facial challenge to jurisdiction. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true

4

and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

    **B.  Fed. R. Civ. P. 12(b)(6)**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

5

### III. ANALYSIS

The named Defendants argue the case should be dismissed against them because Jones's claims are barred by sovereign immunity. Alternatively, they argue his claims are barred by the applicable statutes of limitations. The Court addresses these arguments in turn.

#### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.,* Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

As an initial matter, Jones's introductory paragraph to his complaint states he brings a claim "for damages *and injunctive relief*," Filing No. 1 at 2 (emphasis added), but Jones does not mention an injunction elsewhere in his complaint or pleadings. Even a liberal construction of his complaint makes clear he is requesting only monetary damages. *See, e.g.*, Filing No. 1 at 45 (Jones's "claims for relief" listing various amounts of monetary damages but not seeking any form of equitable relief). Thus, the exception to sovereign immunity for equitable claims under 42 U.S.C. § 1983 is inapplicable.

6

Jones's claims against the named defendants are barred by sovereign immunity. A government department or agency is not a separate legal entity, but an "alter ego[] of the state itself." *Cambara v. Schlote*, No. 8:14-CV-260, 2015 WL 5775766, at *3 (D. Neb. Sept. 30, 2015) (quoting *Catania v. Univ. of Neb.*, 282 N.W.2d 27, 30 (Neb. 1979)). Thus, Jones's claims against NDCS and the various state correctional institutions are merely claims against the State of Nebraska itself. Jones does not suggest,[1] and the Court does not find, that the state has waived its sovereign immunity or consented to be sued for the various causes of action he asserts. *See, e.g.*, *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 913–14 (D. Neb. 2004) ("It is well-settled that the State of Nebraska has not waived its immunity from liability in civil rights actions."); *Stagemeyer v. Cnty. of Dawson*, 192 F. Supp. 2d 998, 1005 (D. Neb. 2002) ("The State of Nebraska has not waived its Eleventh Amendment immunity as to tort claims against it in federal court . . .."). Thus, the Court concludes Jones's claims against the state are barred under the Eleventh Amendment.

**B. Statutes of Limitations**

Even if Jones's claims against the named defendants were not barred by sovereign immunity, they would nonetheless fail because he did not file suit within the time allotted by the various applicable statutes of limitations.

Because there is no specifically stated statute of limitations for causes of action under §§ 1981, 1983, and 1985, the controlling period is governed by state law. *See Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019). Nebraska's three-year statute of limitations applies to § 1981 claims. *Guy v. Swift and Co.*, 612 F.2d 383,

---

[1] Jones cites to *Monell v. Department of Social Services of City of New York*, Filing No. 22 at 6, but the doctrine set forth in that case permits § 1983 liability for municipal entities, not states, and is thus inapplicable to his claims in this case. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54 (1978) ("Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes.").

7

385 (8th Cir. 1980). Nebraska's four-year statute of limitations applies to §§ 1983 and 1985 claims. *Bridgeman v. Neb. State Pen.*, 849 F.2d 1076, 1077 (8th Cir. 1988); *Jones v. Carter*, 2020 WL 58442, at *6 (D. Neb. Jan. 6, 2020); *Thompson v. Kyle*, No. 8:05CV136, 2005 WL 2128581, at *4 (D. Neb. Aug. 29, 2005). Section 1986 sets a one-year statute of limitations. 42 U.S.C. § 1986. Sections 1987 and 1988 do not provide independent private federal causes of action and thus there is no appliable statute of limitations. *See, e.g.*, *Jones v. Carter*, No. 8:19CV288, 2019 WL 3429821, at *7 (D. Neb. July 30, 2019).

Jones alleges he was incarcerated and subjected to the allegedly unconstitutional library policy when he was incarcerated at the Nebraska State Penitentiary starting on May 3, 1997; at Tecumseh State Correctional Institutional starting on February 2, 2002; and at the Omaha Correctional Center staring on July 24, 2014. Filing No. 1 at 4–5. Thus, his claims are far beyond the applicable limitations periods set forth above. However, Jones argues his claims should nevertheless be deemed timely either because the statutes of limitations was tolled or because the claims constituted continuing torts. Filing No. 22 at 9–10.

An action's accrual is based on federal law, and equitable tolling on state law. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). "Accrual occurs when the plaintiff has a complete and present cause of action," or when the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hall v. Elrod*, 399 Fed. Appx. 136, 137 (8th Cir. 2010) (unpublished).

Jones argues the statutes of limitations should be tolled because he was imprisoned. Filing No. 22 at 9–10. According to Neb. Rev. Stat. § 25-213, "if a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned,

8

every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." However, the Nebraska Supreme Court has clarified "that a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996). A recognizable legal disability is demonstrated by a showing "that [an individual's] incarceration prevented him from exercising his legal rights in any way." *Cole v. Kilgore*, 489 N.W.2d 843, 845 (Neb. 1992). Jones has not alleged any recognizably legal disability which prevented him from exercising his legal rights in any way and has, in fact, acknowledged that while incarcerated he exercised his legal rights by filing "a prior state postconviction motion and a federal habeas corpus petition." Filing No. 1 at 6. Thus, the Court concludes Jones has not pleaded any facts which would toll the statute of limitations during his incarceration.

Jones next argues that his claims are timely because they are based on "a continuous, cumulative pattern of tortious conduct" and thus "the statute of limitations does not run until the date of the lasty injury." Filing No. 22 at 10. The continuing tort doctrine is a doctrine of accrual, not a tolling doctrine. *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *3 (D. Neb. Feb. 21, 2018) (citing *Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 382 (Neb. 2007)). As stated above, an action's accrual is governed by federal law. *See Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action; that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Accrual can be delayed under the "continuing violations" theory, *see id.* at 416, but the doctrine applies only to claims "composed of a series of separate acts that collectively constitute one unlawful practice."

*Shepard v. Nebraska*, No. 4:16CV3038, 2016 WL 2344200, at *3 (D. Neb. May 3, 2016) (quoting *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015)). The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of a serial violation, but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment. *Gonzalez*, 802 F.3d at 220. Furthermore, a continuing violation does not excuse a plaintiff from complying with the applicable statute of limitations—it simply allows the plaintiff to include, in an initial complaint, allegedly unconstitutional acts that occurred before the limitations period, provided that at least one of the acts complained of falls within the limitations period. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 362 (8th Cir. 1997). Jones's claims involve separate, discrete acts and thus the continuing violation doctrine does not excuse his failure to file suit within the applicable limitations periods. Accordingly, Jones's claims are barred by the applicable statutes of limitations.

### C. Unnamed Defendants

In addition to the moving defendants, Jones sues various unnamed officials of the correctional facilities in their official and individual capacities. *See* Filing No. 1 at 1–3. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Jones has requested the identity of these individuals from NDCS but it does not appear NDCS has responded. *See* Filing No. 22 at 19. Although counsel for the named defendants does not purport to represent the unnamed defendants, he nevertheless argues the Court

should dismiss the claims against the unnamed defendants sua sponte because the same defenses the named defendants assert would also apply. Filing No. 20 at 17.

As to Jones's claims against the unnamed defendants in their official capacities, such claims would merge with his claims against the state. See *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017) ("[A]n official-capacity suit against an individual is really a suit against that official's government entity."); *Cambara*, No. 8:14-CV-260, 2015 WL 5775766, at *3. As set forth above, these claims are barred by sovereign immunity. Because "[s]overeign immunity is a jurisdictional question," *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (quoting *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995)), and the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), the Court agrees it must dismiss the official-capacity claims against the unnamed defendants at this time.

However, as to Jones's claims against the unnamed defendants in their individual capacities, the Court concludes sua sponte dismissal is inappropriate. Jones is not proceeding in forma pauperis nor is he a prisoner, and thus 42 U.S.C. § 1915 which provides a mechanism by which the Court can conduct an initial review of prisoners' civil actions is inapplicable. See *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) ("[W]e find no support for the district court to conduct an initial review of all nonprisoner pro se fee-paid complaints under Rule 12(b)(6) before service of process and responsive pleadings."). Thus, the Court orders NDCS to respond to Jones's inquiry regarding the identity and address of the unnamed defendants and orders Jones to file an amended complaint naming the defendants and serve the defendants after receiving such response. See *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named

11

and served or permitted the plaintiff to identify the officer through discovery."). Jones's claims against the NDCS officials in their individual capacities are permitted to proceed.

## IV. CONCLUSION

For the foregoing reasons, the named Defendants' motion to dismiss, Filing No. 19, is granted. The official-capacity claims against the unnamed defendants must also be dismissed for lack of subject-matter jurisdiction. Plaintiff's claims against the unnamed defendants in their individual capacities are permitted to proceed.

IT IS ORDERED:

1. The Nebraska Department of Correctional Services is ordered to respond to Plaintiff's inquiry, Filing No. 1-1 at 103, regarding the identity and address of the unnamed defendants who are employees of NDCS and file notice of having responded within 30 days of the date of this order. Plaintiff is ordered to file an amended complaint naming the NDCS employees and must serve them within 45 days after receiving NDCS's response. Plaintiff is cautioned that failure to comply may result in dismissal of his complaint without further notice under Fed. R. Civ. P. 4(m);

2. Defendants' motion to dismiss, Filing No. 19, is granted, and NDCS will be dismissed as a party after filing its response as set forth in paragraph 1; and

3. Plaintiff's claims against the unnamed defendants in their official capacities are dismissed.

Dated this 27th day of July, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge