IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>  vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director I of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director II of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Associate Director of Nebraska Department of Correctional Services; TECUMSEH STATE CORRECTIONAL INSTITUTION, UNKNOWN-UNNAME, Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Deputy Warden of Tecumseh State Correctional Institution; UNKNOWN-UNNAME, Associate Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Librarian of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Warden of Nebraska State Penitentiary; NEBRASKA STATE PENITENTIARY, UKNOWN-UNNAME, Associate Warden of Nebraska State Penitentiary; UKNOWN-UNNAME, Deputy Warden of Nebraska State Penitentiary; LIBRARIAN OF NEBRASKA STATE PENITENTIARY, OMAHA CORRECTIONAL CENTER, UKNOWN-UNNAME, Warden of Omaha Correctional Center; UKNOWN-UNNAME, Associate Warden of Omaha Correctional Center; UKNOWN-UNNAME, Deputy Warden of Omaha Correctional Center; and UKNOWN-UNNAME, Librarian of Omaha Correctional Center;<br><br>    Defendants. | **8:21CV251**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's, Marvel Jones', objection (Filing No. 29); motion for leave to proceed in forma pauperis on interlocutory appeal (Filing No. 27); and motion to appoint counsel (Filing No. 28).

Jones objects to the Court's Order, Filing No. 25, dismissing the unnamed defendants in their official capacities. Filing No. 29 at 1. As explained in the Court's Order, the claims against the unnamed defendants in their official capacities merge with Jones's claims against their employer, the state of Nebraska. Because the Court determined those claims are barred by sovereign immunity, the official-capacity claims against the unnamed defendants must also fail. However, as explained in the Court's order, the claims against the unnamed defendants in their individual capacities are permitted to proceed. Jones's objection is accordingly denied.

Jones has also filed an interlocutory appeal, Filing No. 26, of the court's Order, Filing No. 25, and seeks leave to proceed in forma pauperis and to have counsel appointed, Filing No. 27; Filing No. 28. Jones was previously denied leave to proceed in forma pauperis in this case, Filing No. 7, and has not produced new information explaining his inability to pay the appellate filing fee. *See also* Fed. R. App. P. 24(a) (stating a party seeking to proceed in forma pauperis on appeal must attach an affidavit demonstrating inability to pay or be subject to a prior order permitting in-forma-pauperis status). Jones was also previously denied the appointment of counsel. Filing No. 12. A civil litigant has no constitutional or statutory right to a court-appointed attorney, and the Court may make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Here, Jones is seeking to file an interlocutory appeal to an order of the Court, Filing No. 25, which is not a final appealable order within the meaning of 28 U.S.C. §§ 1291 & 1292. Thus, the Court determines Jones is not entitled to the appointment of counsel.

2

IT IS ORDERED:

1. Plaintiff's objection (Filing No. 29) is denied;

2. Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 27) and motion to appoint counsel (Filing No. 28) regarding his notice of appeal are denied; and

3. The Clerk of the Court is ordered to provide a copy of this Order to the United States Court of Appeals for the Eighth Circuit along with notification of Plaintiff's notice of appeal (Filing No. 26).

Dated this 22nd day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge