IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>  Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director I of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Director II of Nebraska Department of Correctional Services; UNKNOWN-UNNAME, Associate Director of Nebraska Department of Correctional Services; TECUMSEH STATE CORRECTIONAL INSTITUTION, UNKNOWN-UNNAME, Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Deputy Warden of Tecumseh State Correctional Institution; UNKNOWN-UNNAME, Associate Warden of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Librarian of Tecumseh State Correctional Institution; UKNOWN-UNNAME, Warden of Nebraska State Penitentiary; NEBRASKA STATE PENITENTIARY, UKNOWN-UNNAME, Associate Warden of Nebraska State Penitentiary; UKNOWN-UNNAME, Deputy Warden of Nebraska State Penitentiary; LIBRARIAN OF NEBRASKA STATE PENITENTIARY, OMAHA CORRECTIONAL CENTER, UKNOWN-UNNAME, Warden of Omaha Correctional Center; UKNOWN-UNNAME, Associate Warden of Omaha Correctional Center; UKNOWN-UNNAME, Deputy Warden of Omaha Correctional Center; and UKNOWN-UNNAME, Librarian of Omaha Correctional Center;<br><br>  Defendants. | **8:21CV251**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendants', Nebraska Department of Correctional Services (NDCS), Tecumseh State Correction Institution, Nebraska State Penitentiary, and Omaha Correctional Center's, motion for relief from the Court's order pursuant to Federal Rule of Civil Procedure 60(b). Filing No. 35. For the reasons stated herein, the Court denies the motion.

On July 27, 2022, the Court issued a memorandum and order addressing the named defendants' motion to dismiss. Filing No. 25. The Court concluded the named defendants (the correctional institutions named above) were protected from suit by sovereign immunity. Filing No. 25 at 6–10. The Court concluded, however, that it could not sua sponte dismiss Jones's claims against the unnamed individuals in their individual capacities. Filing No. 25 at 11–12. The unnamed individuals are various officials of the named correctional facilities. Filing No. 25 at 10. Jones stated he had requested information regarding these individuals' identities from NDCS but had not received a response. Filing No. 1-1 at 103; Filing No. 22 at 19. Thus, the Court ordered NDCS to respond to Jones's inquiry prior to its dismissal from the suit. Filing No. 25 at 12.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from an order for certain reasons, including mistake, the judgment being void, and any other reason that justifies relief. Defendants argue that once the Court determined the named defendants would be protected by sovereign immunity, it lost jurisdiction over them, and they should have been instantly dismissed from the suit. Filing No. 36 at 7 ("As soon as the Court reached that conclusion, it lacked jurisdiction to order the agency to do anything in this case.").

In support of its motion, Defendants cite to a variety of cases addressing Eleventh Amendment immunity. *See* Filing No. 36 at 5–9. However, the majority of these cases stand for the proposition that a Court cannot issue a judgment on the merits over an entity

2

protected by sovereign immunity. *See, e.g.*, Filing No. 36 at 6–8 (citing cases addressing a state's immunity from "suit" or "judgment"). The case law is not so cut and dried when it comes to compelling discovery or information from an entity asserting sovereign immunity.

For example, in *In re Missouri Department of Natural Resources*, 105 F.3d 434, 435 (8th Cir. 1997), the district court did not permit a private company to involuntarily join a governmental entity to a lawsuit because to do so would violate the Eleventh Amendment. The first suit ended in a settlement, and the private company then initiated a second suit seeking to recover costs of the first suit from others it claimed were also responsible. *Id.* The private company served a subpoena duces tecum on the governmental entity in the second suit. *Id.* In affirming the district court's decision declining to quash the subpoena, the Eighth Circuit Court of Appeals noted "[t]he management of discovery is committed to the sound discretion of the trial court." *Id.* (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)). The Court stated that although it had earlier determined that a full lawsuit against the governmental entity would violate the Eleventh Amendment, "[t]he issues implicated in this discovery dispute are far removed" and the governmental entity "has not shown how production of these documents infringes on the State of Missouri's autonomy or threatens its treasury." *Id.* at 436. The Court concluded, "There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *Id.*

Along a similar line of reasoning, the Court does not believe its order requiring Defendants to provide minimal information within its possession prior to its dismissal violates the principles of sovereign immunity, infringes on the State of Nebraska's autonomy, or threatens its treasury. The Court concludes its order was not void, nor a mistake of law, nor does any other reason warrant vacating it. Accordingly,

IT IS ORDERED:

1. Defendant's motion from relief from the Court's order, Filing No. 35, is denied.


Dated this 22nd day of September, 2022.

                                                BY THE COURT:

                                                s/ Joseph F. Bataillon
                                                Senior United States District Judge