IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,

                Plaintiff,

     vs.

UNKNOWN-UNNAME, Director, et al.

             Defendants.

**8:21CV251**


**ORDER**

Before the Court are two Motions to Compel, Filing Nos. 65 and 66, filed by Plaintiff and a Motion to Quash filed by non-party Nebraska Department of Correctional Services ("NDCS"). Filing No. 68. All pending motions relate to a subpoena Plaintiff purportedly served upon the Nebraska Department of Correctional Services and Director Rob Jeffreys (collectively referred to as "the Department").

## BACKGROUND

Relevant to the disputes at issue, on July 9, 2024, the undersigned granted Plaintiff's request for expedited discovery and ordered the Clerk of Court to issue Plaintiff a blank subpoena. Filing No. 58. In doing so, the Court specifically advised Plaintiff to complete the subpoena, to have the subpoena "identify the specific documents Plaintiff [sought]" and, among other things, advised Plaintiff, in detail, as to how to properly serve the subpoena. *Id.* (emphasis in original).

Plaintiff then moved to compel the issuance of the subpoena. Filing No. 59. On September 25, 2024, this Court denied his motion finding there was no evidence indicating the subpoena had been served and ordered the Clerk of Court to issue a new subpoena to Plaintiff. Filing No. 62. Pursuant to the evidence before the Court and relevant to the ruling herein, NDCS received the subpoena at issue

on October 22, 2024, via regular, first-class United States Mail and again on November 8, 2024 via telefax. Filing Nos. 68-2, 68-3, 68-5.

## ANALYSIS

NDCS sets forth a number of arguments in opposition to Plaintiff's motion to compel and in support of its motion to quash. Because NDCS's argument regarding service is dispositive, the undersigned will not address the remaining arguments at this time.

Fed. R. Civ. P. 45(b)(1) requires service of a non-party subpoena by delivering a copy to the named person[1] and must be done by "[a]ny person who is at least 18 years old and not a party". Further, proving service "requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed .R. Civ. P. 45(b)(4). There is no evidence before the Court that the Plaintiff's subpoena to NDCS was served in accordance with the requisite rules. This is despite the fact that the Court explicitly advised Plaintiff how to serve the subpoena in its July 9, 2024 order and again in its September 25, 2024. Filing No. 58. Accordingly, the undersigned denies Plaintiff's motions to compel and grants NDCS's motion to quash.

The Court has already explicitly provided Plaintiff with directions as to how to properly serve a non-party subpoena and, further, explicitly advised as to the types of documents nonparties may be commanded to produce pursuant to Rule 45. *See* Filing No. 58 ("The subpoena must identify the specific documents Plaintiff

---

[1]  Though there is a minority rule that personal service is not required for a non-party subpoena, the Eighth Circuit follows the majority, which requires personal service for a nonparty subpoena. *Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (concluding Rule 45 "is not broad enough to include either fax or regular mail because the court cannot be assured that delivery has occurred."); *In re Misc. Subpoenas*, 2016 WL 4154889 at *2 (D.S.D. Aug. 1, 2016); *Precourt v. Fairbank Reconstruction Corp.*, 2011 WL 310740 at *3 (D.S.D. Jan. 28, 2011); *O'Donnell v. Lakes State Bank*, 2011 WL 7287158 at *2 (D.Minn. Nov. 21, 2011).

2

seeks."). In addition, the undersigned has already denied a previous motion to compel by Plaintiff for lack of proper service which reiterated the manner in which the subpoena should be served. Filing No. 62.

While the Court recognizes that Plaintiff is proceeding *pro se*, he is still required to follow the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to comply may result in the undersigned denying Plaintiff's motion to compel *with prejudice*, and if appropriate, recommending the Court dismiss Plaintiffs claims against the Doe Defendants. *See* NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules."); *O'Donnell*, 2011 WL 7287158 at *3 (denying a pro se Plaintiff's motion to compel a non-party subpoena with prejudice after bringing the issue before the Court on multiple occasions and failing to provide evidence the subpoena had been properly served on the non-party).

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motions to Compel, Filing Nos. 65 and 66, are denied.

2) NDCS's Motion to Quash, Filing No. 68, is granted.

3) The Clerk of Court shall issue Plaintiff one signed, blank subpoena (Form AO 88B) by mailing it to Plaintiff.[2]

4) Plaintiff is, again, advised of the following with regard to the subpoena:

   a. Plaintiff must properly complete the subpoena. The subpoena must identify the specific documents Plaintiff seeks. The subpoena

---

[2] The Court notes Plaintiff is unable to provide notice, pursuant to NECivR. 45.1(a) and Fed. R. Civ. Proc. 45(a)(4), to Defendants prior to the Clerk of Court issuing the subpoena because Defendants' identities are unknown. *See Urban Armor Gear, LLC v. John Does 1-10*, No. 8:19CV414, Filing No. 9 (D. Neb. Oct. 30, 2019) ("Obviously, because Plaintiff does not know the identity of the John Doe Defendants, Plaintiff cannot give notice to opposing parties prior to issuance of the subpoena as required by Rule 45.").

shall not request documents beyond the scope of the information sought in his motion for subpoena duces tecum, Filing No. 57, specifically, documents which would result in the discovery of the names and addresses of the unnamed Defendants.

b. Plaintiff must follow the rules attached to the subpoena.

c. Any person who is at least 18 years old and not a party may serve the subpoena. Serving a subpoena requires delivering a copy to the named person. *See* Fed. R. Civ. P. 45(b)(1). In other words, Plaintiff cannot serve the subpoena himself and the Court will not do it for him. There will be fees associated with service of the subpoena that Plaintiff will be responsible for paying.

5) The Clerk of the Court shall mail a copy of this Memorandum and Order to Plaintiff.

Dated this 3rd day of January, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

4