IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,

                    Plaintiff,

          vs.

UNKNOWN-UNNAME, Director, et al.

                    Defendants.

**8:21CV251**

**ORDER AND
FINDINGS AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Compel, Filing No. 74, and non-parties Nebraska Department of Correctional Services and Director Rob Jeffreys' ("Non-Party") Motion to Quash Subpoena. Filing No. 75. In response to Non-Party's motion to quash, Plaintiff filed an "objection" and requested the Court order the United States Marshal Service ("USMS") to serve the subpoena. Filing No. 77. All pending motions relate to a subpoena Plaintiff purportedly served upon Non-Party.

## BACKGROUND

This case was filed July 8, 2021. Filing No. 1. The only claims that remain pending in this action are those against unknown and unnamed individual defendants ("Doe Defendants"). Filing No. 56.  Most relevant to the disputes at issue, on July 9, 2024, the undersigned granted Plaintiff's request for expedited discovery and ordered the Clerk of Court to issue Plaintiff a blank subpoena. Filing No. 58. In doing so, the Court specifically advised Plaintiff to complete the subpoena, to have the subpoena "identify the specific documents Plaintiff [sought]" and, among other things, advised Plaintiff, in detail, as to how to properly serve the subpoena. Filing No. 58.

Plaintiff then moved to compel the issuance of the subpoena. Filing No. 59. On September 25, 2024, this Court denied his motion finding there was no

evidence indicating the subpoena had been served and ordered the Clerk of Court to issue a new subpoena to Plaintiff. Filing No. 62. Plaintiff then, again, moved to compel the issuance of the subpoena. Filing Nos. 65 and 66. The Court denied Plaintiff's motions to compel as Plaintiff had not properly served the subpoena. Filing No. 72. In this order, the Court, yet again, provided Plaintiff with certain instructions regarding the issuance and service of the subpoena and, further, advised Plaintiff that failure to comply with the required rules regarding the service of a subpoena may result in the Court denying his motion to compel with prejudice and recommending the Court dismiss Plaintiff's claims against the Doe Defendants. Filing No. 72.

## ANALYSIS

1. Non-Party Subpoena

In the pending Motion to Compel Plaintiff requests the Court compel Non-Party to respond to the subpoena. However, Plaintiff still does not provide the Court with evidence indicating he complied with Fed. R. Civ. P. 45(b)(1). As stated in its January 3, 2025 order, Fed. R. Civ. P. 45(b)(1) requires service of a non-party subpoena by delivering a copy to the named person[1] and must be done by "[a]ny person who is at least 18 years old and not a party". Further, proving service "requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed .R. Civ. P. 45(b)(4).

---

[1] Though there is a minority rule that personal service is not required for a non-party subpoena, the Eighth Circuit follows the majority, which requires personal service for a nonparty subpoena. *Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (concluding Rule 45 "is not broad enough to include either fax or regular mail because the court cannot be assured that delivery has occurred."); *In re Misc. Subpoenas*, 2016 WL 4154889 at *2 (D.S.D. Aug. 1, 2016); *Precourt v. Fairbank Reconstruction Corp.*, 2011 WL 310740 at *3 (D.S.D. Jan. 28, 2011); *O'Donnell v. Lakes State Bank*, 2011 WL 7257158 at *2 (D.Minn. Nov. 21, 2011).

There is no evidence before the Court that the Plaintiff's subpoena to Non-Party was served in accordance with the requisite rules.[2] In fact, Plaintiff all but admits to failing to properly serve the subpoena in his response. *See* Filing No. 77. This is despite the fact that the Court explicitly advised Plaintiff how to serve the subpoena in its July 9, 2024 order, again in its September 25, 2024 order and, yet again, in its January 3, 2025 order. Filing Nos. 58, 62, 72.

Further, while Plaintiff now seeks service through the USMS, he is proceeding as a nonindigent plaintiff and has provided no support for the proposition that he is entitled to have his subpoena served by the USMS. *See Harden v. Hillman*, 993 F.3d 465, 476 (6th Cir. 2021). Even were the Court to order the USMS serve Non-Party at Plaintiff's cost, at this time, service would be futile. *See Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (discussing factors to consider when exercising discretion to order service of subpoenas on behalf of indigent litigants). This is so because, despite the Court's specific instruction that Plaintiff request documents, his most recent subpoena again appears to ask questions and/or seek the creation of a new document, rather than request a copy of a document already in existence. *See* Filing No. 74 at 4. Such a request is not permitted by Rule 45. Fed.R.Civ.P. 45 ("A command in a subpoena to produce documents, electronically stored information, or tangible things request the responding person to permit inspection, copying, testing, or sampling of the materials."); *Stockdale,* 2009 WL 4030758 at *2 (Advising Plaintiff that any future Rule 45 subpoenas duces tecum should be limited to a request for document production where Plaintiff sought names and addresses of individuals from a non-party).

---

[2] In fact, Plaintiff presents no evidence at all that comply with this Court's local rules. NECivR. 7.1.(a)(2), (b)(2) provides that if a motion requires the Court to consider any factual matters not stated in the pleadings, a party supporting or opposing the motion must support the factual assertion with evidentiary materials and, further, identify and authenticate any documents offered as evidence with an affidavit.

Accordingly, the undersigned denies Plaintiff's motion to compel with prejudice and grants non-parties Nebraska Department of Correctional Services and Director Rob Jeffreys' motion to quash. *O'Donnell*, 2011 WL 7287158 at *3 (denying a pro se Plaintiff's motion to compel a non-party subpoena with prejudice after bringing the issue before the Court on multiple occasions and failing to provide evidence the subpoena had been properly served on the non-party).

2.  Recommendation for dismissal

This case was filed July 8, 2021. Filing No. 1. The only claims that remain pending in this action are those against unknown and unnamed individuals ("Doe Defendants"). Filing No. 56.  Plaintiff has not served these individuals with the Complaint  in accordance with the time period set forth in Fed. R. Civ. P. 4(m) and, despite this Court's explicit instructions regarding how Plaintiff can properly serve a subpoena seeking documents (presumably to obtain the identity of the Doe Defendants, as previously represented to the Court), Plaintiff continues to fail to comply with this Court's Local Rules and the Federal Rules of Civil Procedure. The undersigned notified Plaintiff that it would recommend dismissal of his remaining claims against the Doe Defendants if Plaintiff continued to not comply with these rules. *See* Filing No. 72. Not only has Plaintiff failed to comply with the service requirements of Fed. R. Civ. P. 4(m), but Plaintiff continues to disregard the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's orders delineating how to properly craft and serve the subpoena at issue.

The ninety-day time period for service of the Complaint has long passed. The undersigned recognizes the issues associated with serving an unknown and/or unnamed defendant. However, the Court has provided Plaintiff with multiple opportunities to serve a subpoena to learn the identities of any unknown defendants. Moreover, the Court delineated the manner in which to serve such subpoena. Not only did the Court issue a show cause order in November 2024 requesting Plaintiff show cause as to why his case should not be dismissed

4

pursuant to NECivR. 41.2 but this Court also advised Plaintiff that failing to comply with appropriately serving the subpoena could result in the undersigned recommending dismissal of this matter. Any lesser sanctions in this matter will only continue the cycle that has occurred since July 2024. As such, the undersigned recommends Plaintiff's case against the Doe Defendants be dismissed. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 16(f)(1)(C); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) ("The district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for failure to prosecute") (citing *Link v. Wabash Railroad Co*, 370 U.S. 626, 630 (1962)).

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion to Compel, Filing No. 74, is denied.
2. Nebraska Department of Correctional Services and Director Rob Jeffreys' Motion to Quash, Filing No. 75, is granted.
3. Plaintiff's Objection and Request for USMS service, Filing No. 77, is denied.

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, United States Senior District Judge, pursuant to 28 U.S.C. § 636(b), that the remaining claims be dismissed without prejudice.

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.

Dated this 3rd day of April, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

5