IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services, in his/her individual capacity, et al.<br><br>    Defendants. | 8:21CV251<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on the Findings and Recommendation of the Magistrate Judge, Filing No. 78, and Plaintiff's Objection to the same, Filing No. 79. For the reasons stated herein, the Court overrules Plaintiff's Objection, adopts Magistrate Judge DeLuca's Findings and Recommendations in full, and dismisses the remaining claims.

I. BACKGROUND

Plaintiff, Marvel Jones, sued various Nebraska correctional facilities and officials for alleged violations of his constitutional rights based on their law-library policies while he was incarcerated from 1997 through 2014. Filing No. 1. Jones is presently civilly committed at the Norfolk Regional Center. *Id*.

On July 27, 2022, the Court concluded the claims against the named entities were barred by sovereign immunity. Filing No. 25 at 7. However, it ordered the Nebraska Department of Correctional Services ("NDCS") to first respond to Jones's inquiry regarding the identity and address of the unnamed defendants who are its employees before it dismissed them. *Id*. at 12. On interlocutory appeal, the Eighth Circuit Court of

1

Appeals concluded the Court lacked jurisdiction to order NDCS to respond to the discovery inquiry. Filing No. 54 at 5. Accordingly, on June 28, 2024, the Court dismissed the named defendants in compliance with the Eighth Circuit's remand order. Filing No. 56.

On July 8, 2024, Jones moved for expedited discovery and the issuance of a subpoena to NDCS to obtain the names and addresses of the unnamed defendants. Filing No. 57. The Magistrate Judge granted his request, ordered the Clerk of Court to issue Jones a blank subpoena, and instructed Jones how to properly serve the subpoena. Filing No. 58. Thereafter, Jones repeatedly moved to compel NDCS to respond to his subpoena. *See* Filing No. 59; Filing No. 65; Filing No. 66. The Magistrate Judge denied these requests, informing Jones he had not yet provided proof of having properly served the subpoena and providing him further instructions on how to perfect service and what information the subpoena could and could not seek to obtain. *See* Filing No. 62; Filing No. 72. Jones claimed to have served the subpoena by mail and fax, but NDCS moved to quash the subpoena, arguing it had not been properly served. Filing No. 68. The Magistrate Judge granted the motion to quash because Jones had once again failed to provide evidence he had served the subpoena in compliance with the applicable rules. Filing No. 72 at 3. It again ordered the Clerk to issue Jones a blank subpoena and again instructed Jones how to serve the subpoena and warned Jones that failure to comply with the Court's order could result in a recommendation of dismissal. *Id*. at 3–4.

On February 28, 2024, Jones again moved to compel NDCS to respond to his subpoena and asked to have the U.S. Marshals Service ("USMS") serve the subpoena. Filing No. 74. NDCS again moved to quash, arguing improper service. Filing No. 76 at

3–4. The Magistrate Judge again denied Jones's motion to compel and granted NDCS's motion to quash. Filing No. 78 at 3–5. She declined to have the USMS serve the subpoena, noting he was proceeding as a nonindigent defendant and finding he had also failed to narrowly tailor the subpoena request as he had been instructed. *Id*. at 3. After summarizing the lengthy case history and Jones's repeated failure to identify and serve the unnamed defendants, the Magistrate Judge recommended the Court dismiss the case pursuant to Federal Rules of Civil Procedure 4(m) and 16(f)(1)(C).

II.   ANALYSIS

A. Standard of Review

The Court is permitted to refer pretrial matters to a magistrate judge pursuant to 28 U.S.C. § 636(b). The magistrate judge is required to submit to the judge proposed findings of fact and recommendation for dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). After the magistrate judge files a findings and recommendation, a party has 14 days to file a specific written objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b)(2). The Court is required to make a de novo determination of those portions of a findings and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

B. Dismissal Is Warranted

Magistrate Judge DeLuca recommended the Court dismiss the case pursuant to Federal Rule of Civil Procedure 4(m) and 16(f)(1)(C). Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed,

3

the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Federal Rule of Civil Procedure 16(f)(1)(C) permits the Court to sua sponte impose sanctions, including dismissal, if a party fails to obey a scheduling or other pretrial order.

Upon its de novo review, the Court concludes the Magistrate Judge was correct in finding Jones in violation of Federal Rules of Civil Procedure 4(m) and 16(f)(1)(C) and recommending dismissal.  The Court is sympathetic to the difficulties associated with Jones's attempts to litigate this case while civilly committed and against unknown defendants.  However, the Court and in particular Magistrate Judge DeLuca have repeatedly provided detailed instructions to Jones to facilitate his attempts to identify and serve the unnamed defendants.  Despite this assistance and detailed information, Jones has repeatedly failed to follow the Court's directions, moving to compel responses to his improperly served subpoenas instead of perfecting service in accordance with the rules.  Furthermore, the time period provided in Rule 4(m) has long since passed due to Jones's repeated inadequate attempts to serve the subpoena.

Jones objects to the Magistrate Judge's findings and recommendation. Filing No. 79.  He argues the Magistrate Judge erred in declining to order the USMS to serve the subpoena because Rule 4 allows the Court discretion to order the USMS to perform service even for a nonindigent defendant.  *Id.* at 2.  In support of his objection, Jones cites cases in which a court misapprehended its authority to order USMS service.  *See, e.g.*, *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008) ("Because these denials resulted from its mistaken belief that service by a marshal was unavailable to a party who paid

4

the filing fee, the district court abused the discretion afforded it by Rule 4."). Here, however, the Magistrate Judge properly exercised her discretion, concluding not only that ordering the USMS to perform service was unwarranted, but also that ordering USMS service would be futile due to Jones's failure to narrowly tailor the subpoena. Filing No. 78 at 3. Jones does not object to Magistrate Judge's DeLuca's futility determination and the Court agrees with her conclusion.

For these numerous reasons, Jones has shown himself to be unwilling to comply with the Court's orders and prosecute this case in a timely manner. Accordingly, it is appropriate to dismiss the case.

### III.  CONCLUSION

IT IS ORDERED:

1) Plaintiff's Objection, Filing No. 79, is overruled.

2) The Findings and Recommendation of the Magistrate Judge, Filing No. 78, is adopted in full. The case is dismissed without prejudice.

3) The Court will enter a separate judgment.

Dated this 27th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5