IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>               Plaintiff,<br><br>vs.<br><br>UNKNOWN-UNNAME, Director of Nebraska Department of Correctional Services, in his/her individual capacity, et al.<br><br>               Defendants. | 8:21CV251<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Plaintiff's Motion for Reconsideration. Filing No. 83. Finding no basis to reconsider its prior order dismissing the case, the Court denies the motion.

      On May 27, 2025, the Court entered an order and judgment dismissing the case on the recommendation of the Magistrate Judge. A more detailed case history can be found in the Magistrate Judge's thorough order, Filing No. 78, and the Court's order adopting the same, Filing No. 81, but in short, Plaintiff repeatedly failed to prosecute this case and comply with the Court's orders, warranting dismissal. In particular, Plaintiff requested the issuance of subpoenas duces tecum on non-party the Nebraska Department of Correctional Services ("NDCS") but repeatedly failed to properly serve the subpoena. The Magistrate Judge recommended the Court dismiss the case pursuant to Federal Rules of Civil Procedure 4(m) and 16(f)(1)(C). The Court agreed.

      Plaintiff now moves to reconsider the dismissal pursuant to Federal Rule of Civil Procedure 59(e) which provides allows the Court to alter or amend a judgment. He argues the Court incorrectly allowed NDCS to move to quash the subpoenas issued to it

1

because it "does not have standing to move to quash a subpoena served on a non-party unless the party claims a privilege or personal right in the information sought by the subpoena." Filing No. 83 at 1.  Plaintiff misapprehends this principle of law as meaning a non-party cannot object to a subpoena without first asserting a claim of privilege.  But the case law Plaintiff cites to demonstrates why this is untrue.

In *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997), cited by Plaintiff, the plaintiffs were a group of employees who sued their employer for sexual harassment under Title VII.  The defendant served subpoenas on the plaintiffs' former employers and educational institutions, and the plaintiffs moved to quash the subpoenas. *Id.*  The Court declined to quash the subpoenas, reasoning that "[t]he plaintiffs do not assert any claim of privilege with respect to the subpoenaed documents and, as such, they have no standing to request that the subpoenas be quashed." *Id.*  This is the principle Plaintiff cites in arguing the Court was incorrect to entertain NDCS's objection.  However, the facts in *Danka* are readily distinguishable from those in the case at hand because in that case, the entity moving to quash the subpoena (the plaintiff-employee) was different from the entity being served (e.g., the former employer).  Accordingly, the Court's statement about needing to assert a privilege or other interest to obtain standing was predicated on the objecting entity being distinct from the subpoenaed entity.

Here, by contrast, the objecting entity and the entity being subpoenaed are one in the same: NDCS.  It is fundamental that a party being subpoenaed has standing to object.  And, indeed, the Eastern District of Missouri recognized this idea just one sentence later: "However, absent a claim of privilege by the movants *or objection by the entities to whom the subpoenas are directed*, the Court will not foreclose the defendant's acquisition of the

3

documents." *Id.* (emphasis added). Plaintiff's assertion that NDCS lacked standing to object to the subpoenas he attempted to serve on it is without merit. There is no basis to reconsider the Court's prior order. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for reconsideration, Filing No. 83, is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge